**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Karsen, Ltd., et. al.,<br><br>    Defendants. | No. CV 11-1055-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion to determine sufficiency of service or for leave to perform alternative service (doc. 6). Defendants have not responded or otherwise appeared in the case.

Plaintiff moves for an order determining whether it has effectively accomplished service of process on defendant Karsen. Plaintiff is the operator of a consumer complaint website. It discovered that a website owned and operated by defendant allegedly contains certain copyrighted material. Pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512, et. seq., plaintiff sent a series of take-down notices to non-party Google, Inc. to demand that Google remove the infringing content from its search index and inform defendant that it is infringing on plaintiff's copyrights. See § 512(c)(1)(C). Google complied with the take-down notice. Pursuant to the statutory scheme, defendant responded by serving a counter-notice on Google to contest the accuracy of the initial notice. To be effective, the

counter-notice must contain certain things including: "the subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of the Federal District Court . . . and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." § 512(g)(3)(D). Plaintiff verified with Google that defendant expressly agreed to those requirements. Plaintiff then instituted this action alleging copyright and trademark infringement. See § 512(g)(2)(C) (stating that unless a party files an action seeking a court order to prohibit the infringing activity, the service provider can restore the removed material). Plaintiff attempted to serve defendant a copy of the summons and complaint via Federal Express delivery to the address provided in St. Petersburg, Russia and via email. Delivery at the Russian address was unsuccessful because the address was "incorrect" according to FedEx. On June 13, 2011, defendant emailed plaintiff in response to plaintiff's emailed service of process. Defendant generally objected to the lawsuit and included a response, which it asked plaintiff to file with the court. In a later email correspondence, defendant argued that it never waived service of process and any service must be in compliance with the Hague Service Convention.

It is clear to the court that defendant has notice of the lawsuit and is evading service of process. By filing the counter-notice, defendant expressly agreed to accept service of process at its Russian address. Plaintiff attempted to perform service there but was unsuccessful. Defendant also purports not to understand the English language or the American court system, yet it corresponds sufficiently in English and appears capable of drafting a responsive pleading, as evidenced by the response it emailed plaintiff. Plaintiff has made other diligent, but unsuccessful, efforts to locate an alternative mailing address. In the absence of a correct address, plaintiff cannot personally serve defendant in Russia. It seems the only medium effective at reaching defendant is email.

We cannot, however, find that plaintiff has already accomplished service of process. While defendant did agree to accept service of process when it filed the counter-notice, plaintiff was unsuccessful in serving defendant by conventional means at its Russian address.

1  Service by alternative methods, such as email, is only effective after court approval. See <u>Rio
2  Props., Inc. v. Rio Int'l. Interlink</u>, 284 F.3d 1007, 1018 (9th Cir. 2002) (stating that email
3  service is not available absent a Fed R. Civ. P. 4(f)(3) court decree); <u>see also</u> Fed. R. Civ. P.
4  4(h)(2) (authorizing service of process on a foreign business in the manner prescribed by
5  Rule 4(f)).

6  Therefore, we will grant plaintiff leave to serve defendant via email. Service by email
7  in circumstances where the defendant is evading service of process and it is the only method
8  reasonably calculated to appraise defendant of the pendency of the action is permissible. <u>See
9  Rio Props.</u>, 284 F.3d at 1017 (approving an order granting leave to serve by email under
10 similar circumstances); <u>see also</u> <u>Liberty Media Holdings, LLC v. Vingay.com</u>, No. CV-11-
11 0280-PHX-LOA, 2011 WL 810250 (D. Ariz. March 3, 2011) (permitting service by email).
12 Moreover, alternative methods of service in Russia, even those not required under the Hague
13 Service Convention, are permissible, since Russia unilaterally suspended all judicial
14 cooperation with the United States in 2003. <u>See</u> <u>Nuance Commc'ns., Inc. v. Abby Software</u>,
15 626 F.3d 1222, 1237-38 (9th Cir. 2010) (holding that a district court erred in requiring
16 service upon a Russian corporation to be in compliance with the Hague Service Convention).
17 As the Ninth Circuit stated, "when faced with an international e-business scofflaw, playing
18 hide-and-seek with the federal court, email may be the only means of effecting service of
19 process." <u>Rio Props.</u>, 284 F.3d at 1018.

20 Therefore we **GRANT in part and DENY in part** plaintiff's motion (doc. 6). We
21 **GRANT** plaintiff leave to serve defendant via email.

22 DATED this 26th day of July, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge