**EXHIBIT A**

**CASE ELIA PLLC**
2942 North 24th Street, Suite 114
Phoenix, Arizona 85016
Telephone: (602) 606-7955
Facsimile: (866) 593-1697
Christopher B. Ingle – 025553
chris@caseelia.com
*Attorneys for Defendant Selihov*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KARSEN LTD. *et al.*,<br><br>Defendants. | Case No: 11-cv-1055-FJM<br><br>**DECLARATION OF EUGENE SELIHOV**<br><br>*(Assigned to the Hon. Frederick J. Martone)* |

I, Eugene Selihov, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1) I am over eighteen years of age, I am competent to testify, and I have personal knowledge of the matters described herein.

2) I am a citizen and resident of Russia.

3) In or around August 2011, I purchased the domain scaminformer.com from Karsen Ltd. for $5,000.00.

4) I have never copied any content from www.ripoffreport.com.

5) I have never posted any material from ripoffreport.com on

scaminformer.com.

6) I do not know whether the previous owners of the scaminformer domain copied any content from www.ripoffreport.com.

7) Since purchasing the scaminformer domain, I have received hundreds of notices of alleged copyright infringement from Plaintiff.

8) Each time I receive a notice of alleged infringement from Plaintiff, I promptly remove the allegedly infringing material from scaminformer.com.

9) To the best of my knowledge, all of the allegedly infringing material for which Plaintiff submitted notices has already been removed from scaminformer.com.

10) As I continue to receive notices of alleged infringement from Plaintiff, I continue to remove allegedly infringing material from scaminformer.com.

11) I have endeavored to determine who is posting the allegedly infringing material on scaminformer.com.

12) I researched four posts that Plaintiff complained about. I determined that each post was submitted by a third party.

13) Specifically, I determined that the following individuals submitted the following posts:

   a. With respect to a report about David LaSalle Gabriel, the webpage was posted by a person using the email address santiagoamarylls@yahoo.com, IP address 166.149.109.9, user name "1209."

   b. With respect to a report about VIP Remodeling, the webpage was posted by a person using the email address premail@aol.com, IP address 71.246.221.80, user name "chalete509."

   c. With respect to a report about hangfeng wu, the webpage was posted

        by a person using the email address a743379@rppkn.com, IP address 136.2.1.102, user name "electrocutioner37."

    d. With respect to a report about Caribbean Secrets, the webpage was posted by a person using the email address jchristian70@gmail.com, IP address 132.200.32.34, user name "JChristian70."

14) Based on my knowledge of Plaintiff and its owner, Ed Magedson ("Magedson"), I suspect that Plaintiff may be causing the allegedly infringing material to be posted on scaminformer.com. I suspect that Plaintiff is causing the material to be posted on the scaminformer website as an improper means of having a court seize or shut down the scaminformer website.

15) Based on my knowledge as the owner and operator of an internet domain and my experience in removing previous webpages that Plaintiff has complained about, I estimate that it would take 500 hours to remove and restore up to 25,000 webpages.

16) Based on my knowledge as the owner and operator of an internet domain and my experience in removing previous webpages that Plaintiff has complained about, $12.00 per hour would be a reasonable compensation for someone to remove and restore up to 25,000 webpages. Accordingly, the total wages would be not less than $6,000.00.

17) If 25,000 webpages were removed from scaminformer.com, the lost revenue would average about $100.00 per day. Assuming that the material remains removed for ninety (90) days, scaminformer.com's lost revenue would be not less than $9,000.00.

18) Based on the foregoing, Plaintiff's preliminary injunction bond should be

///

not less than $14,000.00.

Further declarant sayeth naught.

DATED this 20th day of March, 2012.

_____
Eugene Selihov