**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures LLC, | No. CV 11-01055-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Karsen Ltd., et al., | |
| Defendants. | |

We have before us plaintiff's motion for preliminary injunction (doc. 21), defendant Eugene Selihov's response (doc. 25), and plaintiff's reply (doc. 27). Plaintiff contends a preliminary injunction should issue under the Copyright Act, Lanham Act, or the common law. Defendant Selihov contends that third parties are responsible for posting the allegedly infringing information on his website, www.scaminformer.com. He also claims immunity under the Digital Millennium Copyright Act ("DMCA") and Communications Decency Act ("CDA").

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). Plaintiff's second amended complaint includes claims for copyright infringement, trademark infringement, and unlawful removal of copyright management information.

"To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Range Road Music, Inc. v. East Coast Foods, Inc., 668 F.3d 1148, 1153 (9th Cir. 2012) (internal quotation marks omitted). Defendant argues that, while copying may have occurred, he was not the party who copied the material.

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011). Plaintiff does not address the elements of this cause of action in its motion.

Copyright management information includes information identifying the work or the copyright owner. 17 U.S.C. § 1202(c). 17 U.S.C. § 1202(b) prohibits the intentional removal or alteration of any copyright management information, as well as distribution with knowledge that copyright management information has been removed or altered without authority. The parties dispute who removed or altered the information.

We have not yet held a Rule 16 conference in this case. The parties have not conducted discovery. At such an early stage of litigation, we cannot determine whether plaintiff is likely to succeed on the merits, whether plaintiff will suffer irreparable injury if preliminary relief is not granted, or whether the balance of equities tips in its favor. The public interest is not served by judicial involvement until the facts are developed. Plaintiff has not shown that the Winter factors favor issuing a preliminary injunction here.

**IT IS ORDERED DENYING** plaintiff's motion for preliminary injunction (doc. 21).

DATED this 4th day of April, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge