**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC,      ) | No. CV 11-01055-PHX-FJM |
|           Plaintiff,         ) | **ORDER** |
| vs.                          ) | |
| Karsen, Ltd., et al.,        ) | |
|           Defendants.        ) | |

The court has before it plaintiff's motion to compel (doc. 39), defendant Eugene Selihov's response (doc. 42), and plaintiff's reply (doc. 43). Underlying this discovery dispute is a battle between consumer complaint websites. Plaintiff owns www.ripoffreport.com while defendant Selihov owns www.scaminformer.com. Plaintiff asserts copyright and trademark claims against defendant, alleging that he has copied protected materials from plaintiff's website onto his own website.

Pursuant to Rule 26(b)(1), Fed. R. Civ. P., a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978).

Plaintiff's first request for production originally sought "a full and complete copy of the entire contents of the website www.scaminformer.com including all source code, posts,

1  author information, server logs, etc." Plaintiff later narrowed its request to records reflecting
2  any contact information defendant has for the authors of specific pages on
3  www.scaminformer.com and information relating to the posting date of specific pages. In
4  defendant's response, he objects to plaintiff's original request for production but does not
5  object to or even mention plaintiff's later, narrower request. Defendant has shown no reason
6  why the information requested would be irrelevant or impose an undue burden on him. The
7  information sought is highly relevant to plaintiff's claim that defendant copied material from
8  its website.

9  Plaintiff narrowed its fourth request for production and defendant agrees to respond
10 to the revised request. Plaintiff's motion to compel a response to its fourth request for
11 production is therefore moot.

12 The parties are reminded that the court's Rule 16 scheduling order limits motions to
13 compel, responses, and replies to two pages each.

14 **IT IS ORDERED GRANTING** in part and **DENYING** in part plaintiff's motion to
15 compel. (Doc. 39). Defendant is ordered to comply with plaintiff's narrowed first request
16 for production. Defendant has agreed to comply with plaintiff's fourth request for production
17 and therefore the motion to compel on this issue is denied as moot.

18 DATED this 23rd day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge