**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Xcentric Ventures, LLC, | ) | No. CV 11-01055-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Karsen, Ltd., et al., | ) | |
| Defendants. | ) | |

The court has before it plaintiff's motion for protective order and motion to quash (doc. 41), defendant Selihov's response (doc. 45), and plaintiff's reply (doc. 49).

Defendant issued a subpoena to non-party Google, Inc. seeking seven categories of items. Plaintiff seeks a protective order preventing defendant from seeking information in three of these categories. Sections 5 and 7 request information about advertisements displayed on plaintiff's website through a service provided by Google called Google AdSense. Defendant has withdrawn this part of his subpoena. Therefore, this portion of plaintiff's motion is moot.

Section 6 of the subpoena requests the IP addresses used by plaintiff's staff to log into plaintiff's Google AdSense account. Plaintiff argues that defendant could use this information improperly. It requests a protective order barring defendant from obtaining, from Google or any other source, any information about IP addresses used by plaintiff and its staff members. In his response, defendant proposes two alternatives to alleviate plaintiff's

1 concerns. First, he suggests that he could produce his list of IP addresses before obtaining
2 the IP addresses used by plaintiff. Second, he offers to have his lawyer check the lists of IP
3 addresses against each other without showing plaintiff's IP addresses to defendant. Plaintiff
4 does not address either suggestion in its reply.

5   Pursuant to Rule 26(b)(1), Fed. R. Civ. P., "[p]arties may obtain discovery regarding
6 any nonprivileged matter that is relevant to any party's claim or defense." The IP addresses
7 used by plaintiff's employees to log into plaintiff's Google AdSense account are relevant to
8 defendant's defense that these employees posted the allegedly infringing materials on his
9 website.

10   Despite a matter's relevance, the court may limit discovery. "The court may, for good
11 cause, issue an order to protect a party or person from annoyance, embarrassment,
12 oppression, or undue burden or expense[.]" Rule 26(c), Fed. R. Civ. P. "A party asserting
13 good cause bears the burden . . . of showing that specific prejudice or harm will result if no
14 protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130
15 (9th Cir. 2003). Plaintiff does not allege that a protective order is necessary to protect it from
16 annoyance, embarrassment, oppression, or undue burden or expense. It speculates on how
17 defendant might misuse the requested information, but provides no particular facts showing
18 that harm will result if a protective order is not granted. Plaintiff also does not respond to
19 defendant's suggested alternatives, even though they would apparently prevent the speculated
20 misuse.

21   **IT IS ORDERED DENYING** plaintiff's motion for protective order and motion to
22 quash (doc. 41).

23   DATED this 28th day of August, 2012.

          *Frederick J. Martone*
          Frederick J. Martone
          United States District Judge