**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC, ) | No. CV 11-1055-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Karsen Limited, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it plaintiff's motion to compel deposition of defendant Eugene Selihov (doc. 46), defendant's untimely response (doc. 55), plaintiff's reply (doc. 58), and defendant's motion for reconsideration (doc. 63).

**I**

Plaintiff seeks to compel Selihov to appear for his deposition. The court's scheduling order set September 3, 2012 as the deadline to complete all discovery, including depositions (doc. 32 at 3). Plaintiff noticed Selihov's deposition for July 20, 2012. On July 19, 2012, Selihov's counsel informed plaintiff that he refused to attend his deposition. He also refused to reschedule and stated that he would not appear for a deposition on any date, at any location. As a result, plaintiff filed this motion. Selihov filed a response nearly three weeks late, stating that he is "willing to participate in discovery" but does not believe that he can be compelled to answer questions which may incriminate him (doc. 55 at 3).

Defendant invokes the Fifth Amendment privilege against self-incrimination as the

1  basis for his refusal to testify. But the Supreme Court of the United States has "rejected the
2  claim that aliens are entitled to Fifth Amendment rights outside the sovereign territory of the
3  United States." United States v. Verdugo-Urquidez, 494 U.S. 259, 269, 110 S. Ct. 1056,
4  1063 (1990). Thus, Selihov has no Fifth Amendment rights as an alien residing in Russia.

Even if Selihov could invoke the privilege, it would have to be done on a question-by-question basis rather than as a blanket assertion. "A proper assertion of a Fifth Amendment privilege requires, at a minimum, a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). "Therefore, a blanket invocation of the fifth amendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process and to claim the privilege with respect to each inquiry." SEC v. First Fin. Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981).

Selihov must appear for his deposition.

**II**

Defendant asks us to reconsider our order dated September 18, 2012, in which we ordered him to produce documents, extended deadlines, allowed plaintiff to file an application for attorneys' fees, and did not grant plaintiff's motion to strike defendant's answer. Defendant asks us to remove the instructions about fees and extend the deadlines again.

Plaintiff moved to strike defendant's answer on the grounds that he had not produced documents responsive to discovery requests despite being ordered to do so by the court. Defendant responded that he had, in fact, complied with our order. In its reply, plaintiff continued to argue that defendant's answer should be stricken because he had not produced responsive documents. The reply did not raise a new argument. It addressed issues raised by defendant in his response and made the same argument as the motion to strike. The reply's discussion of specific categories of evidence provides no reason to reconsider our order. The motion to strike was based on defendant's failure to disclose materials we ordered him to disclose. The motion to compel referred to specific Requests for Production.

1 Therefore, the motion to strike embraced those categories of evidence and the discussion of
2 one particular category in the reply did not prejudice Selihov.

3 The court has not yet sanctioned Selihov by requiring him to pay plaintiff's attorneys'
4 fees. We invited plaintiff to file an application for attorneys' fees caused by defendant's
5 failure to produce documents and provided defendant the opportunity to respond. If
6 defendant believes sanctions are unjustified, he may challenge the basis for fees in his
7 response.

8 The original dispositive motion deadline was August 10, 2012. We extended the
9 deadline to September 26, 2012. Both parties requested extensions of more time. Defendant
10 argues that he does not have evidence to defend himself and cannot file a dispositive motion
11 by this deadline, yet plaintiff has all the evidence it requested. This is not true. Plaintiff has
12 discovery motions pending and has not obtained all the evidence it desires before the
13 dispositive motion deadline. The deadline was already extended by more than a month. As
14 we stated in our September 18, 2012 order, "[t]here is no room for any further modifications"
15 (doc. 61).

**III**

17 **IT IS ORDERED GRANTING** plaintiff's motion to compel deposition of defendant
18 Eugene Selihov (doc. 46). Selihov shall appear for his deposition no later than October 8,
19 2012, or else default shall be entered.

20 **IT IS FURTHER ORDERED DENYING** defendant's motion for reconsideration
21 (doc. 63).

22 DATED this 25th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge