**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Xcentric Ventures, LLC, )<br>  )<br>  Plaintiff, )<br>  )<br> vs. )<br>  )<br>  )<br> Karsen, Ltd., et al., )<br>  )<br>  Defendants. )<br> ) | No. CV 11-01055-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for issuance of letters rogatory to the Indian Ministry of Law and Justice (doc. 48). Defendant Eugene Selihov did not respond and the time for doing so has expired.

Plaintiff asks the court to issue a request for judicial assistance to the government of India to compel the production of documents from third party Directi Internet Solutions, Pvt. Ltd. ("Directi"). Directi is located in Mumbai, India. It operates the website www.privacyprotect.org, which allows website owners to hide their identity.

Plaintiff originally filed this lawsuit against Karsen, Ltd., the party it believed owned www.scaminformer.com. After the court entered default judgment against Karsen, Ltd., Selihov appeared and claimed that he owned www.scaminformer.com. Identical websites have appeared since this litigation commenced, including www.scamtracers.com, www.scamion.com, www.devreviews.com, and www.scamfraudripoff.com. The appearance and content of these websites is very similar to www.scaminformer.com. All five sites are hosted by the same Russian company. And the HTML source code accessible only to a site's

1  administrator links www.scaminformer.com with www.scamion.com. Defendant denies
2  owning any of these duplicate sites and their owners' identity is hidden by Directi's privacy
3  protection service.

4        The Hague Convention, of which the United States and India are signatories, provides
5  the procedures for obtaining evidence abroad for use in judicial proceedings. District courts
6  have inherent authority to issue letters of request to foreign tribunals. See 28 U.S.C. §
7  1781(b)(2); United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958). Rule 28(b), Fed. R.
8  Civ. P., provides that letters rogatory may be issued to take a deposition in a foreign country
9  on appropriate terms after application and notice and without a showing that taking the
10 deposition in another manner is impractical or inconvenient. This Rule formerly provided
11 that "letters rogatory shall be issued *only when necessary or convenient*" (emphasis added).
12 This limitation was removed without comment in a 1963 amendment. Courts generally issue
13 a letter of request unless the party opposing the request demonstrates good reason why it
14 should not issue. See, e.g., In re Urethane Antitrust Litig., 267 F.R.D. 361, 364-65 & n.17
15 (D. Kan. 2010); Evanston Ins. Co. v. OEA, Inc., No. CIV S-02-1505 DFL PAN, 2006 WL
16 1652315 (E.D. Cal. June 13, 2006); Zassenhaus v. Evening Star Newspaper Co., 404 F.2d
17 1361, 1364 (D.C. Cir. 1968).

18       Defendant does not oppose this motion. The information plaintiff seeks may be
19 relevant to its case and lead to the discovery of admissible evidence. Permitting discovery
20 here is consistent with Rule 26(b)(1), Fed. R. Civ. P. However, any delay in responding to
21 the request shall not be cause to delay this case.

22       **IT IS ORDERED GRANTING** plaintiff's motion for issuance of letters rogatory to
23 the Indian Ministry of Law and Justice (doc. 48). We do so by separate order.

24       DATED this 25th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge