**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Xcentric Ventures, LLC, | ) | No. CV 11-01055-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Karsen, Ltd., et al., | ) | |
| Defendants. | ) | |

The court has before it plaintiff's motion to strike answer of defendant Eugene Selihov (doc. 50), defendant's response (doc. 52), plaintiff's reply (doc. 53), defendant's motion to compel responses to written discovery requests (doc. 56), plaintiff's response (doc. 62), defendant's reply (doc. 66), plaintiff's motion for partial summary judgment (doc. 65), defendant's motion to withdraw his motion to compel (doc. 70), and plaintiff's second motion to strike answer (doc. 71).

On September 19, 2012, we warned Selihov of the possibility of striking his answer if he refused to comply with discovery (doc. 61). We also stated in our order filed September 27, 2012 that "Selihov shall appear for his deposition no later than October 8, 2012, or else default shall be entered." (Doc. 67). Selihov informs us now that he refuses to attend his deposition and "understands that the Court will enter a default against him as a result of his decision" (doc. 70).

1    We have the power to impose default as a sanction for failing to comply with a court
2 order.  Rule 37(b)(2)(A)(iii), Fed. R. Civ. P.  "Where the sanction results in default, the
3 sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party."
4 Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted).
5 Defendant intentionally and in bad faith chose to violate our discovery orders.  He admits in
6 his motion to withdraw that he is refusing to attend his deposition and offers no excuse for
7 his conduct.  Although he represented to the court that he would cooperate with plaintiff in
8 discovery and would answer discovery requests, he has refused to turn over documents.  He
9 told the court that he had complied with our order and a discovery request was therefore
10 moot, but this was false (doc. 61).  He has continually and purposely engaged in discovery
11 misconduct and violated court orders.

12    Before striking a pleading and declaring default, we must consider: "(1) the public's
13 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
14 the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases
15 on their merits; and (5) the availability of less drastic sanctions."  Dreith v. Nu Image, Inc.,
16 648 F.3d 779, 788 (9th Cir. 2011).

17    The public's interest in expeditious resolution is high here and best served by entering
18 a default.  In one of the busiest districts in the country, the court has been forced to spend its
19 time resolving discovery disputes over minor issues. Many needless motions have been filed,
20 as the parties partially resolved some disagreements while their motions were pending.
21 Defendant's obstreperous, uncooperative behavior has wasted the court's time and interfered
22 with our docket management.  His bad faith conduct during discovery has led to multiple
23 motions unrelated to the merits of the case.  Defendant's actions delayed resolution of this
24 case and made it difficult for plaintiff to prepare for trial.  Public policy favors disposing of
25 cases on the merits, but defendant's behavior has been designed to ensure that a fair trial on
26 the merits is impossible.

27    We have considered less drastic sanctions and find that they would be inappropriate
28 here.  See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1116-17 (9th Cir. 2004).

- 2 -

1  We imposed lesser sanctions in previous orders, ordering defendant to appear for his
2  deposition and produce documents (docs. 47, 61, 67).  We also allowed plaintiff to file a
3  motion for attorneys' fees as a sanction for defendant's failure to appear at his first scheduled
4  deposition (doc. 61).  Lesser sanctions have not worked.  Defendant continues to willfully
5  and defiantly disobey court orders.  We specifically warned defendant that default was an
6  option if he failed to appear for his deposition.  He clearly understands the outcome of his
7  choice.

8  **IT IS ORDERED GRANTING** defendant's motion to withdraw (doc. 70).

9  **IT IS ORDERED DENYING** defendant's motion to compel responses to written
10 discovery requests as moot (doc. 56).

11 **IT IS FURTHER ORDERED GRANTING** plaintiff's motions to strike answer
12 (docs. 50 and 71) and **STRIKING** defendant's answer (doc. 19).

13 **IT IS FURTHER ORDERED DENYING** plaintiff's motion for partial summary
14 judgment as moot (doc. 65).

15 All pending hearings are vacated.  The clerk is directed to enter default.

16 DATED this 11th day of October, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge